UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:18-CV-295-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Michael Harris is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] For the reasons set forth below, the Court will deny Harris's petition.

In the late 1990s, Harris was convicted of multiple drug- and gun-related crimes, including but not limited to possession with the intent to distribute cocaine, carrying a firearm during a drug trafficking offense, possessing an unregistered silencer, and possessing a firearm with the serial number obliterated. *See United States v. Harris*, No. 1:97-cr-063-002 at R. 1 (S. D. Ind. 1997). The trial court sentenced Harris to life in prison. *See id.* at R. 1-2. Harris filed a direct appeal, but the United States Court of Appeals for the Seventh Circuit affirmed the judgments of conviction of Harris and his co-defendants. *See United States v. Thornton, et al.*, 197 F.3d 241 (7th Cir. 1999). Harris then unsuccessfully sought relief under 28 U.S.C. § 2255.

Harris has now filed a § 2241 petition with this Court. [R. 1] While Harris's submission is very difficult to follow, it is at least clear that he is putting forth numerous arguments in

support of his request for relief. Among other things, Harris claims that: (1) at least one of the statutes under which he was convicted is unconstitutionally vague; (2) the district court acted in an arbitrary manner in imposing its sentence; and (3) his trial attorney provided ineffective assistance of counsel. [R. 1-1] These are just some of the arguments Harris asserts in his submission, which this Court has fully reviewed. Ultimately, Harris suggests that this Court should vacate his underlying convictions and sentence.

Harris's § 2241 petition, however, constitutes an impermissible collateral attack on his convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Harris cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Harris has not made such a showing.  In fact, Harris has not clearly identified any intervening change in statutory law, let alone a change that establishes his actual innocence or shows that his sentence was erroneously enhanced.  Instead, it appears that Harris is simply trying to assert arguments that he either made or could have made on direct appeal and in his § 2255 motion.  And while Harris repeatedly cites *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), to support his petition, those cases involved constitutional questions, not issues of statutory interpretation.  Thus, Harris's reliance on these decisions in the § 2241 context is unavailing.  In short, Harris may not obtain relief via § 2241.

Accordingly, it is **ORDERED** that:

1. Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This the 19th day of February, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY